ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 12 2006
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| CURTIS JEROME MCELYEA,<br>Petitioner, | §<br>§<br>§ |
| v. | § Civil Action No. 4:06-CV-551-A |
| | § |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Curtis Jerome McElyea, TDCJ #436804, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in New Boston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. **PROCEDURAL BACKGROUND**

On October 15, 1986, a jury found McElyea guilty of two murder charges in cause nos. 0279521D and 0279522D in the 297th District Court of Tarrant County, Texas, and assessed his punishment at life imprisonment in each case. *Ex parte McElyea*, State Habeas Appl. No. WR-37,244-02, at 22; *Ex parte McElyea*, State Habeas Appl. No. WR-37,244-03, at 17. McElyea has apparently been reviewed for release to parole by the Texas Board of Pardons and Paroles (the Board) but denied release. (Parole Records) McElyea raised the same or similar claims presented in this petition in two state habeas applications, one for each conviction, filed on March 9, 2005, which were denied by the Texas Court of Criminal Appeals without written order on June 15, 2005. McElyea filed this petition on August 2, 2006.

D. **ISSUES**

McElyea appears to argue, as he did in his state habeas applications, that the Board has unconstitutionally extended his punishment by applying amendments to former § 12.01 of the Texas Penal Code to his case, thereby affecting his parole eligibility status.[1] (Petition at 7 & Attachment at 1-5.)

---

[1]Section 12.01 provides, in relevant part:

> (a) A person adjudged guilty of an offense under this code shall be punished in accordance with this chapter and the Code of Criminal Procedure.
> (b) Penal laws enacted after the effective date of this code shall be classified for punishment purposes in accordance with this chapter. . . .

TEX. PENAL CODE ANN. § 12.01(a)-(b) (Vernon 2003). McElyea asserts that subsection (a) in effect when he committed the offenses provided that, "A person adjudged guilty of an offense under this code shall be punished in accordance with this chapter and the Code of Criminal Procedure, *1965*." (emphasis added) McElyea argues that the provision created a contractual agreement between him and the state regarding his parole eligibility, however, no support is found this argument.

2

E.  **RULE 5 STATEMENT**

Quarterman does not contest that McElyea has exhausted his state court remedies as to the claims presented as required by 28 U.S.C. § 2254(b) and (c). (Resp't Answer at 2-3.)

F.  **STATUTE OF LIMITATIONS**

As a preliminary matter, Quarterman contends McElyea's petition is untimely under 28 U.S.C. § 2244(d) and should be dismissed as such. (Resp't Answer at 3-6.)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run on the date the factual predicate of McElyea's claims could have been discovered through the exercise of due diligence. McElyea raised the same or similar claims in his state habeas applications, thus he necessarily knew of the factual predicate of the claims when he filed his state habeas applications on March 9, 2005.[2] (Resp't Answer at 4.) McElyea's petition was therefore due on or before March 9, 2006, absent any applicable tolling. Under § 2244(d)(2), the limitations period was tolled 98 days during the pendency of MeElyea's state habeas applications, making his petition due on or before June 15, 2006.[3] Accordingly, his petition filed on August 2, 2006, is untimely.[4]

## II. RECOMMENDATION

It is therefore recommended that McElyea's petition be dismissed as time barred.

---

[2] Contrary to McElyea's assertion, under these circumstances, the limitations period did not begin until after the Board's decision to deny him parole on May 30, 2006. McElyea was clearly aware of his parole eligibility status at some point before filing his state habeas applications.

[3] McElyea does not argue that he is entitled to equitable tolling and there are no sufficiently rare and exceptional circumstances apparent in his records that would justify application of the doctrine here. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

[4] Even if McElyea's petition were timely, his claims do not provide a basis for federal habeas corpus relief as no constitutional violation has occurred. A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Thus, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 3, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 3, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 12, 2006.

*/s/ Charles Bleil*
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE